# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| FRANCISCO AVILES | : | CIVIL ACTION |
| --- | --- | --- |
| | : | |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN | : | NO. 13-5090 |

## ORDER

**AND NOW**, this 26th day of May, 2015, upon consideration of Plaintiff's Request for Review, the response and reply thereto, and after careful review of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter, Plaintiff's objections and the response thereto, I find as follows:

1. Plaintiff, Francisco Aviles, filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying his claim for Disability Insurance Benefits under Title II of the Social Security Act ("the Act") and his claim for Supplemental Security Income under Title XVI of the Act.[1]

2. Plaintiff's claim for benefits is based on his mental impairments. After a hearing on December 7, 2011, the Administrative Law Judge ("ALJ") found that Plaintiff was burdened by the severe impairments of major depressive disorder and intermittent explosive disorder. The ALJ however concluded that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with some nonexertional limitatons, and, considering Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff could perform jobs that exist in significant

---

[1] United States Magistrate Judge Thomas J. Rueter provided a thorough description of the factual and legal background of this request for review. Accordingly, I will only discuss the facts and law that are relevant to my analysis of Plaintiff's objections.

numbers in the national economy and was thus <u>not</u> disabled within the meaning of the Act. (R. 15-25.)

3. In his request for review, Plaintiff argues that the ALJ's decision is not supported by substantial evidence, and that his case should be remanded. Specifically, Plaintiff contends that 1) the ALJ erred in failing to fully and fairly develop the medical evidence by refusing to order a psychological consultative examination, including intelligence testing; and 2) the ALJ failed to give appropriate weight to the medical opinions of Plaintiff's treating psychiatrist and the consultative examiner.

4. On October 24, 2014, Magistrate Judge Rueter filed a Report & Recommendation ("R & R") recommending that I deny Plaintiff's request for review. Plaintiff has filed objections and contends that Judge Rueter erred in his treatment of both of Plaintiff's arguments. The Commissioner has responded to these objections. The matter is thus fully briefed and ready for disposition.

5. In his first objection, Plaintiff argues that Judge Rueter erred in concluding that "[P]laintiff cannot establish, and has not established, that a consultative examination with intelligence testing was necessary to enable the ALJ to make the disability decision." (Pl.'s Obj.'s at 2-3 (quoting R & R at 16).) Plaintiff contends that, "based on the administrative record in this case, the requested intelligence testing was necessary to enable the ALJ to make a fair disability determination based on the required fully and fairly developed record." (<u>Id.</u> at 3.)

6. "ALJ's have a duty to develop a full and fair record in social security cases . . . [and] must secure relevant information regarding a claimant's entitlement to social security benefits." <u>Ventura v. Shalala</u>, 55 F.3d 900, 902 (3d Cir. 1995). Where a claimant's

"medical sources cannot or will not give [the ALJ] sufficient medical evidence about [a claimant's] impairments for [the ALJ] to determine whether [a claimant is] disabled," the duty to develop the record may include ordering a consultative exam. 20 C.F.R. § 404.1517.

7. The ALJ articulated his rationale for not having ordered a further consultative exam.[2] The ALJ explained that a mental consultative exam with intelligence testing was not necessary since the evidence of record, and particularly the testimony of the state agency medical expert, who reviewed the medical records and examined Plaintiff during the hearing, was sufficient to make a disability determination. Specifically, the ALJ stated:

> While [Plaintiff] is of borderline intelligence, there is nothing in the record or in the testimony of the Medical Expert, Dr. Richard Cohen, to warrant further examination.
>
> The Medical Expert, Dr. Richard A. Cohen, does not accept the limits set forth in the existing consultative exam by Dr. [Mark] Wagner, and the record, including [Plaintiff]'s testimony, does not justify Dr. Wagner's limits in his RFC. The Medical Expert, Dr. Richard Cohen, does not find evidence of mental retardation. His work history includes many unskilled jobs where he described termination for absences or "my body was not ready to go to work." None of his mental health treatment records diagnoses mental retardation. None of the Mental RFC's includes any opinion of disability based on mental retardation.
>
> I find that the Medical Expert[']s, Dr. Richard Cohen's, review and testimony have been adequate to explain the record of the claimant's limitations.

(R. 670.)

---

[2] Plaintiff underwent a consultative exam on April 9, 2008 (without intelligence testing) in connection with the first administrative hearing which took place on October 7, 2009. Plaintiff appealed the adverse decision that was issued pursuant to that hearing to the Appeals Council, which remanded the case to the ALJ. A second hearing was then held, and a subsequent decision was issued. That second ALJ decision, and the ALJ's decision to not order a further consultative exam in connection with the second hearing, is the subject of this request for review.

8. The ALJ relied heavily on Dr. Cohen's opinion in determining that the record was sufficiently complete. I thus view Plaintiff's argument that a consultative exam was necessary to fully and fairly develop the record as an attack on the ALJ's treatment of the medical opinions of record. In this regard, Plaintiff's first objection is closely linked to his second objection that the "Magistrate Judge erred in concluding that the ALJ properly weighed the expert opinions of record."[3] (Pl's Obj.'s at 3-4.) I therefore discuss these objections together.

9. As Judge Rueter explained, the ALJ accorded substantial weight to the opinion of Dr. Cohen, who assessed mild limitations, and attributed limited weight to the opinions of Dr. Wagner, the consultative examiner, and Dr. Sholevar, Plaintiff's treating psychiatrist, who both assessed marked and extreme limitations in certain areas of functioning. (R & R at 17-20 (citing R. 21-23).) The ALJ rejected these more severe limitations having found that they were inconsistent with evidence that "[Plaintiff] has received positive benefit from therapy and medication" such that he "has demonstrated his ability to control his anger with medication and therapy when he is in compliance with the prescribed medication regimen." (Id. at 17, 20 (quoting R. 22-23).) On the other hand, the ALJ credited the opinion of Dr. Cohen "because his opinion is supported by the medical evidence, treatment notes and the claimant's activities," and because "Dr. Cohen further explained that because the claimant gave inconsistent answers throughout the hearing, he based his opinion on the evidence in the record and the claimant's testimony." (Id. at 17 (quoting R. 21).)

---

[3] Indeed, Judge Rueter's analysis of both of Plaintiff's arguments centered around the ALJ's treatment of the medical opinions of record.

10. These reasons support the ALJ's rejection of the marked and extreme limitations imposed by Drs. Wagner and Sholevar. The evidence of record does indeed reflect an ability on Plaintiff's part to control his anger and aggressiveness when he took his medication as prescribed. (R. 630-32, 641-43, 645.) Further, and as the ALJ noted, there is inconsistent and contradictory evidence in the record which suggests that Plaintiff was less than markedly impaired. Dr. Cohen explained the import of this evidence:

> At times I thought it was mildly impaired, and at times I thought it was more than that, so, I'm going to say – he does certain things, I'm going to call this moderate impairment overall. It was very variable in hearing his testimony because it kept changing what he's doing and what he's not doing . . . . Either on one way, he's a person who avoids other people completely because he's so frightened of his temper, stays in his room all the time and doesn't go out. Other times, he shops, he's able to arrange a trip to go to Puerto Rico, one's six months ago, one's two years ago, and travels there independently, which takes a lot of social skills. Gets along with family while he's there . . . navigate the whole thing, get along with people, see – go under the stress of seeing a sick father, and coming back all independently by himself, a man who is able to drive a car, occasionally takes his daughter to school once a week, who is in a long-term relationship with another person and maintains that relationship, which is a lot harder than superficial relationships at work, or is he a person that's not doing any activities or stays in his room all the time. And if I saw him that way, as he said at one time, then I could understand where there are []marked limitations. So, there's two ways I can look at that. He answers one way and he answers another.

(R. 101-106.)

11. The ALJ provided proper, record-based reasons for adopting Dr. Cohen's assessment of only moderate limitations, and for rejecting those opinions which assessed more severe limitations. Cotter v. Harris, 642 F.2d 200, 706 (3d Cir. 1981) ("[I]t is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason.") Moreover, the ALJ's justified reliance on Dr. Cohen's opinion, and his consideration of the other medical

opinions, validate his conclusion that the record was sufficiently complete such that a further consultative exam was not needed to make a disability determination. See 20 C.F.R. § 404.1517 (duty to order a consultative exam arises where "medical sources cannot or will not give [the ALJ] <u>sufficient medical evidence</u> about [a claimant's] impairments for [the ALJ] to determine whether [a claimant is] disabled") (emphasis added)). The ALJ's decision is thus supported by substantial evidence, and Plaintiff's arguments do not present a basis for remand.

**WHEREFORE**, it is hereby **ORDERED** that:

1. The Report and Recommendation (Doc. No. 17) is **APPROVED** and **ADOPTED**;

2. Plaintiff's Objections (Doc. No. 20) are **OVERRULED**;

3. Plaintiff's Request for Review (Doc. No. 10) is **DENIED**, consistent with Judge Rueter's Report and Recommendation; and

4. The Clerk of Court shall mark this matter **CLOSED**.

          **BY THE COURT:**

          **/s/ Mitchell S. Goldberg**
          _____
          **MITCHELL S. GOLDBERG, J.**